GENOVESE, J.,
dissents in part and assigns the following reasons.
|tThe trial court found that the August 7, 1997 order establishing a community prop *889 erty regime between John and Linda Weinstein was invalid and granted John’s motion for involuntary dismissal. On appeal, the majority reverses the trial court’s grant of John’s motion for involuntary dismissal, finding “a bilateral contract embodying the mutual consent of the parties” thereby resulting in a “consent judgment.” I disagree.
Louisiana Civil Code Article 2331 states as follows: “A matrimonial agreement may be executed by the spouses before or during marriage. It shall be made by authentic act or by an act under private signature duly acknowledged by the spouses.” It is unrefuted that this statute (with its mandatory language) was not complied with. The alleged matrimonial agreement is invalid because it was only signed by one witness in contravention of La.Civ.Code art. 2331. There is nothing in the record ^evidencing a “consent judgment.” Any suggested “bilateral contract” is without merit because the legal requirements of the statute were not met.
Compliance with La.Civ.Code art. 2331 is mandatory and cannot be assumed. The trial court correctly granted the dismissal of Linda’s claim of a community property regime, finding that an attempted re-establishment of the community property regime was legally invalid as “it didn’t follow the formalities of law.” I fully agree with the trial court. To decide otherwise is to neuter La.Civ.Code art. 2331 and to render its requirements meaningless. I would affirm the trial court’s judgment in its entirety.